STATE, Appellant, v. GOODSTAR, Respondent.

(184 N. W. 796.)

(File No. 4843.   Opinion filed October 19, 1921.)

**Rape—Age of Prosecutrix, Recital in Indian Annuity Roll, Testimony of "Superintendent and Special Disbursing Agent," Competency.**

An exhibit purporting to be embraced in an Indian annuity pay roll, containing the agency number, name, age, sex and other purported evidence concerning an Indian girl allottee, the contents of which were sought to be proved by the "Superintendent and Special Disbursing Agent" in charge of prosecuting witness. to establish her age, is inadmissible, in a prosecution for rape upon the girl; such exhibit not having been made by witness but presumably by some one in the office of his predecessor; such document not being a public record made and kept pursuant to law, within the rule of admissibility of such evidence; construing Sec. 4063, Comp. St. U. S., providing that for purpose of properly distributing supplies appropriated for the Indian service, it is hereby made duty of each agent in charge of Indians and having supplies to distribute, to make out, each fiscal year, rolls of Indians entitled to supplies at the agency, etc., nothing in said law requiring keeping of annuitants' age. **Held.** further, under Sec. 723, U. S. Comp. Laws, providing that the President may prescribe such regulations as thought best for effectuating "the various provisions of any acts relating to Indian affairs," etc., pursuant to which provision the Interior Department adopted and published a regulation requiring agents to be careful to note on the pay rolls * * * "any matter which is unusual, such as date of birth of each child, since previous payment, and date of death of each annuitant"—that said instruction so issued is not of equal rank and dignity with a treaty or a presidential proclamation; and, the age of the prosecutrix being one of the essential elements of the crime involved, and there being nothing to show who made the entry stating the date of her birth nor where nor from whom the information was obtained, and the only purpose of the execution of the order directing reference to the birth or death of annuitants being to explain why a new name appears on the annuity pay rolls or an old one is dropped, being merely explanatory matter, such alleged record cannot be used as evidence of facts therein stated, which are merely explanatory of ultimate facts to be covered by the record; **and no reason** is shown why the party making the entry was not called to testify, nor that one of the parents of prosecutrix or some one else who could have testified from personal recollection could not have been called to testify. So **held,** where the objection to the evidence was to its incompetency, that no proper foundation was laid, and that it was hearsay; the rule announced in Hegler v. Faulkner, 153 U. S. 109, that an annuity pay roll kept at an Indian agency, purporting to state an Indian's age was not admissible to prove that fact, being decisive of the question here involved.

Smith and McCoy, JJ., not sitting.

Appeal from Circuit Court, Roberts County. Hon. FRANK ANDERSON, Judge.

The defendant Jonah Goodstar was convicted of the crime of statutory rape. From an order granting a new trial, the state appeals. Affirmed.

*Byron S. Payne,* Attorney General, *Vernon R. Sickel,* Assistant Attorney General, and *Frank McKenna,·* State's Attorney, for Appellant.

*J. O. Andrews,* and *Thomas Mani,* for Respondent.

Appellant cited: Jones on Ev., Sec. 508; 22 C. J. 801; Secs. 2725, 2726, Code 1919; Yankton-Clay County Drainage Ditch v. Aaseth, (S. D.) 137 N. W. 608.

Respondent cited: State v. Flagstad, 126 N. W. 585; Heyler v. Faulkner, 153 U. S. 107, 38 L. ed. 653; 1 Greenl. Ev. 483; People v. Mayne, 50 Pac. 654.

POLLEY, P. J. This is an appeal from an order granting a new trial. The defendant was convicted of the crime of statutory rape upon one Clarista Ida White. The prosecuting witness is an Indian girl, and for the purpose of showing her age at the time of the alleged offense the state placed upon the stand the "superintendent and special disbursing agent" in charge of the prosecuting witness, and in connection with his testimony offered in evidence the following document or memorandum:

"Annuity Pay Roll 91. Last number ———. Present number 1789. Name, Clarista Ida White. Dau. Age 1; Sex F.; per capita $10.00; amount paid $20.00; marks and signatures, Agnes White; signatures of witness, J. H. Labelle, L. E. Jackson; date of receipt, Feb. 26, 1904. Remarks, born November 9, 1902; O. K. 158476. Erroneously omitted on last roll."

[1] This exhibit was not made by the witness, but presumably by some one in the office of his predecessor, and the witness did not purport to have personal knowledge of the matters contained therein. It was objected to by defendant on the ground that it was incompetent, that no proper foundation had been laid, and that it was hearsay. This objection should have been sustained. It is needless to discuss the rule, with which all are familiar, that public records and documents that are made and kept pursuant to law are admissible in evidence. This is not such

a document. Section 4063, Comp. St. U. S., under authority of which the above record was made, reads as follows:

"Sec. 4063. *Rolls of Indians Entitled to Supplies*—Hereafter, for the purpose of properly distributing the supplies appropriated for the Indian service, it is hereby made the duty of each agent in charge of Indians and having supplies to distribute, to make out, at the commencement of each fiscal year, rolls of the Indians entitled to supplies at the agency, with the names of the Indians and of the heads of families or lodges, with the number in each family or lodge, and to give out supplies to the heads of families, and not to the heads of tribes or bands, and not to give out supplies for a greater length of time than one week in advance."

There is nothing in this law that requires the keeping of the annuitant's age, but by section 723, U. S. Comp. Laws:

"The President may prescribe such regulations as he may think best for carrying into effect the various provisions of any act relating to Indian affairs, and for the settlement of the accounts of Indian affairs."

Pursuant to this latter section the Interior Department adopted and published the following regulation:

"Agents shall be careful to note on the pay rolls in the columns of remarks any matter which is unusual, such as, date of birth of each child since previous payment, and date of death of each annuitant."

[2] While section 4063 does not require the Indian agents to keep a record of the birth and age of annuitants, it is the contention of appellant that the above instruction to the agents issued under authority of section 723 by one of the executive officers of the government is equal in rank and dignity to a treaty or a public proclamation by the President of the United States, and in support of such contention cites U. S. v. Beebe, 2 Dak. 292, 11 N. W. 505. But there is no analogy between that case and this. In that case the question at issue was one of territorial jurisdiction, and it was held that the court would take judicial notice of Indian treaties and executive proclamations, for the purpose of determining, that the place where the crime was committed was within the jurisdiction of the court.

In this case the age of the prosecutrix is one of the essential elements of the crime. There is nothing to show who made the

entry stating the date of her birth, nor to show where or from whom the information was obtained. The only information sought by the statute is the names of all parties entitled to annuities. The only purpose of the execution of the order directing reference to the birth or death of annuitants is, apparently, to explain why a new name appears on the annuity pay roll or an old one is dropped. This is mere explanatory matter. Records cannot be used as evidence of facts therein stated which are merely explanatory of the ultimate facts to be covered by the record. No reason is shown why the party who made the entry was not called to testify; nor was it shown that the mother or father of prosecutrix, or some other person, who could have testified from personal recollection, could not have been called to testify.

In Hegler v. Faulkner, 153 U. S. 109, 14 Sup. Ct. 779, 38 L. Ed. 653, a case on all fours with this, except that it was a civil case, it was held that an annuity pay roll, kept at an Indian agency, purporting to state an Indian's age, was not admissible for the purpose of proving such Indian's age. In the course of the opinion the court say:

"But neither the treaty, the act of Congress, nor the instructions of the department contemplated any special inquiry into the ages of the Indians. It is true that, in the letter of instructions, the agent was directed to record as well the age as the sex and tribal relations of the claimants. But this was merely to enable the agent, when he came to allot the lands, to identify the persons entitled to participate. When the allotment was completed, and was followed, first by a certificate, and finally by a patent, the purposes of the inquiry were fulfilled, and the list used to aid the government functionaries in the task of alloting the lands cannot be regarded as a record to be resorted to afterwards, in disputes between other parties, to prove the age of the Indians. No provision was made, in either the act of Congress or the rules and regulations of the Indian Department, to preserve the list as a muniment of title, much less as a public record admisible to prove merely incidental recital based on hearsay. * * * It must be remembered that official registers are not in general evidence of any facts not required to be recorded in them, and which did not occur in the presence of the registering officer."

This rule is decisive of the question involved in this case.

· The court erred in admitting the annuity roll in evidence, and for that error alone a new trial was properly granted.

The order appealed from is affirmed.

·    SMITH and McCOY, JJ., not sitting.